**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| ROBERT JOHN MOES | * |
| JOHN DASTA | |
| JUAN VALDEZ | * |
|     Petitioners, | |
|     v. | *   CIVIL ACTION NO. RWT-05-1541 |
| STEPHEN M. DEWALT, et al. | * |
|     Respondents. | |
| | ****** |

**MEMORANDUM OPINION**

      This 28 U.S.C. § 1361 Petition for writ of mandamus was filed on June 7, 2005, by three Federal Correctional Institution at Cumberland ("FCI-Cumberland") inmates who challenge the adequacy of the FCI-Cumberland law library and the "predatory pricing practices" for typing supplies and copy credits at that institution.[1]   (Paper No. 1).  The Petition seeks court intervention to compel FCI-Cumberland authorities to: (i) add multiple resources to the law library; (ii) ensure that all library typewriters function properly and that typewriter supplies be made available to inmates in accordance with Bureau of Prisons' Program Statement 4500.04; (iii) reduce the cost for photocopying legal documents; and (iv) design an "inexpensive Legal Aid program" for FCI-Cumberland inmates.  (Id.).

      The Petition was signed by all inmates.  Only Petitioner Moes, however, has provided an indigency application.  Further, any and all specific instances of: (i) alleged injuries arising from the aforementioned deprivations; and (ii) attempts to grieve the deprivations at FCI-Cumberland, are attributable to Petitioner

---

      [1]     The Petition also raises a general complaint about the increase in prices for prison commissary items and rate increase for telephone calls.  Paper No. 1 at 6-7.

Moes. Indeed, Moes appears to be the driving force behind the Petition.

Subsequent to the filing of this action, Petitioner Moes was transferred to the Community Alternatives Program in Michigan. (Paper No. 3). Therefore, his request for mandamus relief has been rendered moot in view of his move. Magee v. Waters, 810 F.2d 451, 452 (4th Cir.1987) (prisoner's transfer moots his request for injunctive relief against conditions of confinement in facility from which he was transferred); Beyah v. Coughlin, 789 F.2d 986, 988 (2d Cir.1986) (prisoner's transfer from prison where he complained of the conditions of confinement mooted his claims for declaratory and injunctive relief); Marrie v. Nickels, 70 F.Supp.2d 1252, 1258 (D. Kan. 1999) (prisoners' transfers moot requests for injunctive and mandamus relief). Moes's Petition shall be dismissed and his Request to proceed in forma pauperis shall be denied as moot.

As previously noted, neither Dasta nor Valdez have filed indigency motions. More importantly, neither of these two Petitioners has set out any claims of personal deprivation or injury to show that they have a right to the writ, nor have they demonstrated that they have filed institutional grievances or otherwise attempted to obtain relief.[2] Mandamus most commonly lies to compel performance of a clear nondiscretionary duty, and is an extraordinary remedy that typically should not be invoked if other avenues

---

[2] In order to meet the requirements for mandamus relief against a federal agency, a petitioner must show that: he has the clear legal right to the relief sought; the respondent has a clear legal duty to do the particular act requested; and no other adequate remedy is available. The failure to show any of these prerequisites defeats a district court's jurisdiction under § 1361. National Association of Government Employees v. Federal Labor Relations Authority, 830 F. Supp. 889, 898 (E.D. Va. 1993). In addition, mandamus cannot be used to compel the performance of discretionary duties of federal government officers; mandamus will lie only to compel ministerial acts. Shoshone-Bannock Tribes v. Reno, 56 F.3d 1476, 1480 (D.C. Cir. 1995); Plato v. Roudebush, 397 F. Supp. 1295, 1304-05 (D. Md. 1975). A ministerial act is one in which the law prescribes and defines a duty to be performed with such precision as to leave nothing to the exercise of discretion or judgment. Neal v. Regan, 587 F. Supp. 1558, 1562 (N.D. Ind. 1984).

of relief exist.  See Kane v. Winn, 319 F.Supp.2d 162, 212 (D. Mass. 2004).  Consequently, their joint Petition shall be dismissed without prejudice.   A separate Order shall be entered summarily dismissing this cause of action in its entirety.


Date:   6/20/05                                            /s/                        
                                                     ROGER W. TITUS
                                                     UNITED STATES DISTRICT JUDGE